UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| SHEILA K. K.,[1]<br><br>    Plaintiff,<br><br> vs.<br><br>NANCY A. BERRYHILL, Acting Commissioner, Social Security Administration,<br><br>    Defendant. | CIV. 16-5041-JLV<br><br>ORDER |

The court entered an order (1) reversing the decision of the Commissioner of the Social Security Administration ("Commissioner") denying plaintiff Sheila K.'s application for benefits, and (2) remanding the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Docket 25). Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, Catherine Ratliff, counsel for Sheila K., timely moved for an award of attorney's fees and expenses. (Docket 27). The motion seeks an award of $9,402.49 in attorney's fees, court costs of $400 and expenses of $611.16 in state and local sales tax. Id. at p. 1. Although Ms. Ratliff listed 68.23 hours on her log, she recognizes that number is large and seeks

---

[1]The Administrative Office of the Judiciary suggested the court be more mindful of protecting from public access the private information in Social Security opinions and orders. For that reason, the Western Division of the District of South Dakota will use the first name and last initial of every non-governmental person mentioned in the opinion. This includes the names of non-governmental parties appearing in case captions.

compensation for 51.17 hours. (Dockets 29-1 ¶ 5 & 29-2 at p. 3). The Commissioner does not object to an award of EAJA fees, but objects to the number of hours for which Ms. Ratliff seeks compensation. (Docket 30). For the reasons stated below, the court grants Sheila K.'s motion.

## ANALYSIS

Ms. Ratliff asks the court to set the hourly rate at $183.75 after factoring in the cost of living adjustment permitted by the EAJA. (Docket 29-1 ¶ 3). The Commissioner does not object to the hourly rate requested. (Docket 30). The EAJA sets a limit of $125 per hour for attorney's fees. 28 U.S.C. § 2412(d)(2)(A). However, a court may award a higher hourly fee if "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." Id. The court finds the rate of $183.75 is reasonable considering the training and experience of Ms. Ratliff in the practice of social security law.

The Commissioner seeks to reduce the number of Ms. Ratliff's billable hours to 44.49 hours. (Docket 30 at p. 1). The Commissioner argues the average number of hours spent on a district court Social Security proceeding is 20 to 40. Id. at p. 2 (referencing Coleman v. Astrue, No. C05-3045, 2007 WL 4438633, at *3 (N.D. Iowa Dec. 17, 2007)). The Commissioner contends "[n]othing about the facts and issues in this matter supports a deviation from the average EAJA award." Id. at p. 4.

A court has the discretion to reduce the amount of the award or deny an award "to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C. § 2412(d)(1)(C). The court also must decide whether the hours spent by Ms. Ratliff representing Sheila K. were "reasonably expended." See Blum v. Stenson, 465 U.S. 886, 901 (1984); 28 U.S.C. § 2412(d)(2)(A). The administrative record in Sheila K.'s case was 1,220 pages in length. (Docket 30 at p. 2). The court finds this to be an above average size record. After reviewing Ms. Ratliff's time log (Docket 29-2) and considering the parties' arguments on this issue, the court finds certain reductions are proper.

Due to the manner in which Ms. Ratliff recorded her hours in her time log, the court finds it most helpful to aggregate the hours into four discrete categories: (1) time spent with the client or performing administrative functions and preparing the summons and complaint; (2) time spent preparing the joint statement of material facts ("JSMF") and the joint statement of disputed facts ("JSDF"); (3) preparing plaintiff's motion and supporting memorandum to reverse the decision of the Commissioner; and (4) time spent preparing the motion for attorney's fees under the EAJA.

Under the first category of time, the court finds some reductions are proper. Ms. Ratliff billed 4.41 hours in this category. The time spent developing an *in forma pauperis* application and preparing to file the summons

and complaint in federal district court are compensable under EAJA. Administrative activities and time which should otherwise have been performed by a legal secretary prior to the filing of the complaint must be removed from EAJA consideration. See Stickler v. Berryhill, Civ. 14-5087, 2017 WL 4792220, at *2 (D.S.D. Oct. 23, 2017). The court finds 2.66 hours compensable. See Dillon v. Berryhill, Civ. 15-5034, 2017 WL 4792226, at *2 (D.S.D. Oct. 23, 2017).

Turning to the second category of time, Ms. Ratliff spent 16.16 hours preparing the JSMF and the JSDF in Sheila K.'s case. (Docket 24-2 at p. 2). The Commissioner argues Ms. Ratliff's "time spent on the JSMF be reduced by 1.41 hours for extension requests and 3.5 hours for duplication of non-compensable administrative work." (Docket 30 at p. 5). The Commissioner asserts Ms. Ratliff's "unadjusted request for preparation of the JSMF is 14 hours." Id. at p. 7.

This court requires attorneys in social security cases to submit a highly detailed JSMF. (Docket 10 at pp. 1-2). In Sheila K.'s case, the administrative record was 1,220 pages in length and involved a variety of complex medical issues. See Dockets 16 and 25. Due to the lengthy and intricate administrative record, the JSMF and the JSDF were substantial, totaling 43 pages. (Dockets 16 and 16-1). Due to the level of detail the court requires of attorneys when submitting the JSMF, and the size of the administrative record,

4

the court finds Ms. Ratliff reasonably expended 16.16 hours preparing the JSMF in the case.  See Stickler, Civ. 14-5087, 2017 WL 4792220, at *2.

As for the third category of time, Ms. Ratliff spent 35.5 hours preparing plaintiff's motion and accompanying brief to reverse the decision denying her benefits.  (Docket 39-2 at p. 2).  The Commissioner argues this amount of time is excessive.  (Docket 30 at p. 7).  The Commissioner submits 4 hours should be deducted for "duplicative work reviewing the case history and medical evidence," and 5 hours deducted for "reviewing the JSMF, JSDF, ALJ decision, Appeals Council order, and the new neurocognitive listing."  Id.  In her reply brief, Ms. Ratliff contends "this was a complex and difficult case and involved expert witnesses whose neutrality was doubtful, although the risk was high that their expertise would be credited."  (Docket 31 at p. 3).

The court finds 35.5 hours is excessive for preparing the initial motion and memorandum after the time already spent preparing the JSMF and the JSDF.  Because of the nature of the plaintiff's challenges to the Commissioner's decision, the court finds 30 hours spent preparing her motion and supporting memorandum to reverse the decision of the Commissioner is a more appropriate amount of time given the facts and complexity of the case.  See Stickler, Civ. 14-5087, 2017 WL 4792220, at *3.

The Commissioner agrees Ms. Ratliff spent 9.5 hours preparing a reply brief.  (Docket 30 at p. 5).  Because Ms. Ratliff agreed to discount the total billing by 25 percent, the Commissioner does not oppose an award for 7.16

5

hours in this category.  Id.  The court finds 6.5 hours is a more appropriate amount of time given the facts and complexity of this case.  See Stickler, Civ. 14-5087, 2017 WL 4792220, at *3.

The final category of time is the 2.5 hours Ms. Ratliff spent preparing the motion for attorney's fees.  (Dockets 29-2 at p. 3 and 31 at p. 4).  Ms. Ratliff asks the court to recalculate the hourly rate in this category to $187.80.  Id. The Supreme Court held that attorney's fees under the EAJA may be awarded for the time spent applying for the EAJA fee award.  Commissioner, Immigration & Naturalization Service v. Jean, 496 U.S. 154, 162 (1990).  Ms. Ratliff is entitled to recover the 2.5 hours requested.  See Dillon, Civ. 15-5034, 2017 WL 4792226, at *3.  The court finds no reason to recalculate the hourly rate.  To do so in this category may then necessitate a recalculation for every month during which the case was open in the district court and for which attorney's fees are requested.

The court finds a total of 57.82 hours were reasonably expended by Ms. Ratliff based on the complexity of this case.  However, Ms. Ratliff only seeks an award for a total of 51.17 hours of her work, for a total attorney's fee award of $9,402.49.  (Docket 29-1 ¶ 5).  No objection was made to the $400 for court

filing costs to be paid from the Judgment Fund pursuant to 28 U.S.C. §§ 1920 and 2412(a)(1).[2]

**ORDER**

Based on the above analysis, it is

ORDERED that plaintiff's motion (Docket 23) is granted.

IT IS FURTHER ORDERED that plaintiff is awarded $10,013.65 comprised of $9,402.49 in attorney's fees and $611.16 in expenses representing six and one-half percent (6.5%) state and local sales tax on the attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

IT IS FURTHER ORDERED that plaintiff is entitled to $400 for court filing costs to be paid from the Judgment Fund pursuant to 28 U.S.C. §§ 1920 and 2412(a)(1).

IT IS FURTHER ORDERED that this award is without prejudice to plaintiff's right to seek attorney's fees under § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), subject to the offset provision of the Equal Access to Justice Act; however, this award shall constitute a complete release from and bar to any and all other claims plaintiff may have relating to the Equal Access to Justice Act in connection with this case.

---

[2]On June 3, 2016, the court authorized Sheila K. to proceed on an *in forma pauperis* basis. (Docket 6). The court further ordered that "[a]ny recovery in this action by [Sheila K.] shall be subject to the payment of costs and fees, including the $400 filing fee." Id. at 1.

IT IS FURTHER ORDERED that under <u>Astrue v. Ratliff</u>, 560 U.S. 586, 595-98 (2010), Equal Access to Justice Act fees awarded by the court belong to the plaintiff and are subject to offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B) (2006).

IT IS FURTHER ORDERED that the Equal Access to Justice Act fees shall be paid to plaintiff Sheila K., but delivered to plaintiff's attorney Catherine Ratliff, Ratliff Law Office, 2006 S. Dorothy Circle, Sioux Falls, South Dakota 57106.

Dated January 14, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE